## JOHN E. SHIMP, Respondent, v. WOODS-EVERTZ STOVE COMPANY, Appellant.

### Springfield Court of Appeals, July 10, 1914.

1. **MASTER AND SERVANT: Machinery: Injuries from Defective Appliances: Repair.** In an action by the servant against the master for injuries occasioned by defect in the machine which the servant was operating, it appearing that attempted repairs thereon by the master's repairman and superintendent were not efficient and reasonable, defendant was not entitled to a peremptory instruction for want of notice of the defect after repair.

2. **INSTRUCTIONS: Master and Servant: Defective Machinery: Attempted Repair: Injuries.** In an action by the servant against the master for injuries occasioned by defects in a machine which the servant was operating and which the master had attempted to repair, though there was no evidence of notice to defendant of the continued defect after the attempted repair, yet the proof showed that such repair was not efficient or reasonable, and an instruction submitting the proposition of the liability of the defendant with reference to notice that the machine was still defective after repair was not prejudicial to defendant.

3. ————: **Conformity to Pleadings and Evidence.** Instructions should submit to the jury only such issues as are raised by the pleadings and supported by the evidence.

4. ————: **Harmless Error.** Where instructions submit a case to the jury on some phase not supported by the evidence, the appellate court should, in reviewing the case, determine whether or not the error is prejudicial and the probable influence on the minds of the jurors.

5. **APPEAL AND ERROR: Judgment: Reversal: Harmless Error.** A judgment should not be reversed unless error was committed materially affecting the merits of the action.

6. **MASTER AND SERVANT: Injuries to Servant: Defective Appliances: Defenses.** In an action for injuries to a servant

occasioned by a defective iron stamping machine while servant was removing iron sheets therefrom with his hands, the fact that plaintiff's servant could have removed the sheets in safety with a stick or sticks which he might have procured, is not a defense to the master who had not furnished sticks to plaintiff to be used for such purposes.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby*, Judge.

AFFIRMED.

*E. P. Mann* and *John P. McCammon* for appellant.

(1) The peremptory instruction asked by defendant at the close of plaintiff's testimony should have been given. (2) The first instruction given at the request of plaintiff was erroneous and should not have been given because: First, it was founded on a false condition directly contrary to the testimony; second, it was erroneous and confusing to the jury because it presented a condition or state of facts not in evidence. And an instruction cannot be broader than the pleadings—nor, on the other hand, can the instruction be broader than the facts proven, although the pleadings may take a wider range. In other words, the instruction must be within the purview of both the pleadings and the evidence. Degonia v. Railroad, 123 S. W. 817, 224 Mo. 564; Flynn v. Transit Co., 87 S. W. 564, 113 Mo. App. 185; Greer v. Parker, 85 Mo. 107; Gregmoore Orchard Co. v. Gilmour, 140 S. W. 763; Settles v. Moore & Scobee, 129 S. W. 455, 149 Mo. App. 724; Groneweg & Schoentgen Co. v. Estes, 144 Mo. App. 418; Schurer v. Banner Rubber Co., 227 Mo. 347. The court erred in refusing the instruction offered by defendant that "one is not justified in adopting and using a dangerous manner of operating a machine when there is a safe way, merely because he can accomplish a greater amount of work by the dangerous way;

and if you find and believe from the evidence that the plaintiff did not use a stick or a piece of metal to take the sheets out of the machine merely for the reason that he could remove them more rapidly with his fingers, and that if he had used a stick or metal he would not have received his injury, then your verdict must be for the defendant." 2 Bailey Pers. Inj., Secs. 469-473-474; Traner v. Shalerite Mining Co., 148 S. W. 73; Smith v. Box Co., 92 S. W. 394, 193 Mo. 733; Lucey v. Hannibal Oil Co., 129 Mo. 41; Publishing Co. v. Beaumeister, 47 S. E. 823; Streets Exr. v. Railroad, 45 S. E. 285; Powers v. Gas Co., 42 S. E. 296; I. C. R. R. Co. v. Swift, 72 N. E. 740; Railroad v. Bivens, 15 S. 517.

*Patterson & Patterson* and *George Pepperdine* for respondent.

(1) The peremptory instruction asked by defendant was properly refused. (2) The part of instruction No. 1 objected to by appellant is at most merely surplusage. When the objectionable part of an instruction is merely superfluous and calculated to mislead no one, the granting of it is no ground for reversal. Bowling v. Hax, 55 Mo. 446. (3) It is wholly immaterial how the court instructed the jury on a question on which the jury made no finding one way or the other. Redman v. Thomas, 39 Mo. App. 143. (4) A judgment will not be reversed because of erroneous instructions given on points wholly immaterial to the issues. Otto v. Bent, 48 Mo. 23; Wright v. McPike, 70 Mo. 175; Blackwell v. Smith, 8 Mo. App. 43; State v. Houser, 28 Mo. 233. (5) The Supreme Court will act on the presumption that instructions in the court below, which were utterly irrelevant, could not mislead the jury. McLain v. Winchester, 17 Mo. 49.

THOMAS HACKNEY, Special Judge.—This is an action for damages for personal injuries sustained

by the plaintiff while in the employ of the defendant in consequence of plaintiff's hand being caught between the descending die head and the matrix of a machine used to cut and shape parts of sheet iron stoves which was being operated by the plaintiff. The machine was so constructed that it was thrown into gear, which would cause the die head to descend, by the operator placing his foot upon and pressing down a pedal. When the operator's foot was off of the pedal the machine, if in order, was automatically thrown out of gear and the die head would remain suspended. The machine had become so worn and out of repair prior to the injury that the gearing occasionally caught and caused the die head to descend without the pedal being pressed.

The opinion on the former appeal, reversing and remanding the case, reported in 173 Mo. App. 423, 158 S. W. 864, contains a more detailed statement of the case, which need not be repeated. On the retrial of the case in the circuit court the plaintiff again obtained judgment and the defendant in due time brought the case again to this court by appeal.

There is ample testimony from which the jury were authorized to find that the machine was out of repair for some considerable time prior to and also at the time of the injury to the plaintiff and that plaintiff's injury was occasioned by reason of this defective condition.

The defendant contends that the evidence shows that on the day of the accident the machine was repaired by Reynolds, defendant's repair man, and that the record does not show that the defendant had notice of the defective condition after Reynolds had worked on it. On this contention the defendant assigns error in the refusal of the trial court to give a peremptory instruction to find the issues for the defendant and also assigns error in the giving by the trial court of plaintiff's first instruction which, in ad-

dition to submitting to the jury the proposition of the machine's being out of repair and of the defendant's notice thereof, and predicating liability on the failure of defendant to repair, or on an effort of defendant to repair, but the doing of the work by the defendant in a negligent and insufficient manner, also submitted the proposition of the liability of the defendant if the machine was out of repair, etc., and that the defendant made such repairs as a reasonably prudent man would make but that it failed to remedy the defect in the machine, and that plaintiff thereafter and prior to the accident notified the defendant that the machine was still defective, etc.

It is contended by the defendant that this latter part of the instruction requiring notice was not supported by the evidence and that the instruction was therefore erroneous.

A careful examination of the testimony contained in the record satisfies us that on the second trial the evidence adduced does not tend to prove that there was a reasonable repair of the machine but on the contrary that there was not. It was proven by the plaintiff and not denied by the defendant that on the day of the injury the defendant's repair man, Reynolds, started to repair the machine. Plaintiff testified that on examining the machine to determine what was the cause of the erratic action of the upper die, Reynolds started to take off a little half moon piece which threw out the clutch and to have a new one made; that when Reynolds started to do this work Mr. Spitznagle, defendant's superintendent, came up and objected to taking off this half moon piece on the ground that it would take too much time to have a new one made and directed Reynolds to take off the washer on the west side of the machine and have one-eighth of an inch planed off of the side of it. The plaintiff further testified that Reynolds told Spitznagle that that would not work, but that Spitznagle insisted on its be-

ing done that way; that thereupon Reynolds took off the washer and by Reynolds' direction plaintiff took it to a shop where one-eighth of an inch was planed off of the face and then brought it back and that he and Reynolds put the washer back on the machine. As to the effect of planing the washer plaintiff testified: "It didn't do any good at all. . . . It didn't work so I just kept on working the machine. . . . It made one revolution before I was hurt."

Defendant's repair man, Reynolds, testified that the defective condition of the machine was caused by the small half moon piece or plate being so worn that it would not at times release the clutch so as to throw the machine out of gear, one of the clutches being broken; that he, Reynolds, started to take out the worn plate and put in a new one which in his opinion would have remedied the defect but that the defendant's superintendent interfered and forbade his changing the plate but told him to take one-eighth of an inch off of the collar or washer outside. Reynolds testified that he did only such work as he was told by the superintendent to do but testified further with reference to the character of this work, "In my opinion the shaving off of that collar would not have any effect on this machine to prevent it from making this extra revolution." Reynolds, therefore, repudiated the theory of reasonable repair. Likewise the plaintiff testified that it did not do any good at all and had no effect on the machine.

Spitznagle, the superintendent of defendant, denied that he instructed Reynolds or the plaintiff to make any repairs on the machine. The only thing he claimed that he did was to instruct the plaintiff how to fix the lower die in the machine to keep it from slipping. This had nothing to do with the operation of the die head—that part of the machine which caused the injury. He denied that he gave any orders with regard to repairing the machine so as to prevent the

extra revolution of the die head. He contended that the machine was not out of order, with the exception of the slipping of the lower die. It will thus be seen that Mr. Spitznagle disavowed any claim of the sufficiency of the repair as made, although plaintiff and the repair man testified that such repair as was made was in accordance with, and solely in consequence of, his orders.

Nowhere in the record, so far as we have been able to observe, has any witness vouched for the planing of the washer or collar one-eighth of an inch as amounting to a reasonable repair.

Such being the evidence the defendant's first assignment of error, predicated on the refusal of the trial court to give a peremptory instruction for the defendant, must be overruled.

Viewing the plaintiff's first instruction in the light of the record, it must be conceded that there was no notice given by the plaintiff to the defendant of the defective condition of the machine after Reynolds' effort to repair it and, hence, this feature of the instruction is erroneous as not being based on the evidence; but inasmuch as the record does not contain any evidence tending to prove that the work done by Reynolds in planing off one-eighth of an inch of the washer or collar constituted a reasonable repair of the machine, we do not believe that the jury were misled by this instruction and do not believe that the error was prejudicial.

No one will dispute the proposition that the instructions should submit to the jury only such issues as are raised by the pleadings and supported by the evidence; but when, as is often the case, the instructions submit the case to the jury on some phase not supported by the evidence, it is the duty of the appellate court in reviewing the case to determine whether or not the error is prejudicial and its probable influence on the minds of the jurors.

In Morgan v. Wabash Railway, 159 Mo. 262, 60 S. W. 195, the Court say:

"So in the case at bar, it was improper to have submitted to the jury the question as to the conduct of defendant's servants after they became aware of the peril of the deceased, for the reason that there was no evidence tending to show that they did see him at all. It was also improper to have instructed the jury, under the peculiar circumstances of this case, that it was the duty of the men in charge of the train to have stopped it if they could have done so by the exercise of ordinary care. . . . But whilst those features of the instructions were inapplicable to the facts of this case, they were as to this case mere abstract propositions that could not possibly have affected the verdict. There was no pretense that any man on the train saw the man on the track. The undisputed facts show that the trainmen had willfully placed themselves where they could not possibly see before them. . . How, then, could the jury have possibly been misled by the statement that if the engineer saw the man in time to have stopped the train, he should have done so? The law is that a judgment should not be reversed unless it is believed that error was committed 'materially affecting the merits of the action.' "

In Lemon v. Lloyd, 46 Mo. App. l. c. 457, the Court say:

"The instructions authorizing the jury to find for the plaintiff on a *quantum meruit* were without evidence to support them. There was no evidence as to the reasonable value of the plaintiff's services. So that the jury must have found for the plaintiff on the contract theory embraced in plaintiff's first instruction. The instruction authorizing a recovery on a *quantum meruit,* if erroneous as defendant contends, was disregarded by the jury as we have seen, so that

no injury resulted to the defendant in consequence thereof.''

In Horgan v. Brady, 155 Mo. l. c. 670, 56 S. W. 294, the Court say:

''Instruction D' given for defendant is claimed to have been improperly given for the reason that there was no evidence of any payments made by deceased for the use of the cellar and stable and no evidence that he was not to be charged rent therefor. . . The theory on which the defendant tried the case in the circuit court was that the deceased did not owe the plaintiff either for board, etc. . . . This was the testimony of Mrs. Welby, and if the jury believed it they properly found for the defendant, and therefore this instruction could not possibly have prejudiced the plaintiff's case before the jury, and does not constitute reversible error, under Section 2303, Revised Statutes of 1889.''

To the same effect, see also Wright v. McPike, 70 Mo. 175; Ross v. Kansas City, 48 Mo. App. l. c. 444.

It was insisted by the plaintiff throughout the second trial that what was done by Reynolds was not a reasonable repair and the plaintiff's second instruction submitted that phase to the jury; and inasmuch as no one vouched for the apparent sufficiency of this repair work the jury must have found against the proposition ''that it was such as a reasonably careful person would have made.''

In view of this state of the record, we are satisfied that the jury were not misled by the erroneous feature of the plaintiff's instruction. Regarding this error in the instruction as harmless and not prejudicial to the defendant, we overrule the second assignment of error of the defendant.

Defendant also assigns as error the refusal of the trial court to sustain its demurrer to the evidence on the ground that the plaintiff should have used a stick or sticks to remove the sheet iron from the stamp-

ing machine instead of using his hands for that purpose. It is contended that the plaintiff had the choice of two methods of doing the work and voluntarily chose the dangerous method when the safe method was open to his choice. Defendant admits that it did not furnish its employees with sticks to be used for that purpose, but contends that the plaintiff and its other employees could easily have gone out and obtained sticks.

It is the duty of the master to furnish his servant with all necessary tools and appliances to do his work, and while a couple of sticks might have been obtained by each of defendant's employees without any considerable expense or difficulty, we do not think that the defendant could absolve itself from procuring a full complement of tools and implements by the suggestion that the thing needed and not supplied could have been procured elsewhere by the servants with but little effort or expense. If the defendant wanted its employees to use sticks it should have procured them and supplied its employees therewith. Not having done this the plaintiff was justified in adopting the method usually employed by other servants of the defendant in like work, viz.: to handle and remove the metal sheets with his hands. This assignment of error is also ruled against the defendant.

Finding no reversible error in the record we affirm the judgment. *Robertson, P. J.,* and *Sturgis, J.,* concur. *Farrington, J.,* not sitting.